UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Coker, | ) C/A No. 4:10-2505-HFF-TER |
| Plaintiff, | ) |
| vs. | ) |
| Warden Micheal McCall;<br>Sergent Alwine;<br>Officer Mrs. Hallway;<br>Perry Corrt., | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Robert Coker (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution (PCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Background

The complaint states that, on the morning of September 13, 2010, Plaintiff heard a door open and "got up [to] look out the door at the clock." *See* Complaint, page 3. Plaintiff states that Defendants Alwine and Hallway pointed a flashlight towards Plaintiff's face.[2] *Id.* Plaintiff claims that he went back to bed after realizing it was not yet time to get up for breakfast. *Id.* Defendant Alwine then came to Plaintiff's cell and indicated he would be taken to "the holding cell" for exposing himself to the Officers. *Id.* Plaintiff states that the Defendants could not have seen Plaintiff clearly in the dark area where he was standing. *Id.* Thus, Plaintiff believes the Defendants "lied" to accuse Plaintiff of a "sex scandal." *Id.*

Plaintiff was placed in a holding cell for fourteen (14) hours where he allegedly suffered pains in his chest from stress and pain in his back due to a pinched nerve. *Id.* at 4. Plaintiff was then moved to "Dorm B Lock Up" for an additional fifteen (15) hours. *Id.* Plaintiff was taken to medical for a brain scan and sent back to "the dorm on the yard where [he] was housed." *Id.* Plaintiff claims

---

[2] These Defendants are also referred to as Sergent Alewine and Mrs. Officer Halloway in the body of the complaint.

he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment and harassment. Plaintiff seeks monetary damages and injunctive relief.

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). [3]

Plaintiff's claims are subject to summary dismissal for lack of administrative exhaustion. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

---

[3] To the extent Plaintiff names Perry Corrt or Perry Correctional Institution as a Defendant in this action, his claims against this entity must fail. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). As the Perry Correctional Institution is a facility which houses state prisoners, this entity is not considered a "person" amenable to suit under § 1983. Therefore, Perry Correctional Institution is entitled to summary dismissal from this action.

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Booth v. Churner*, 532 U.S. 731, 741 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, *Jones v. Bock,* 549 U.S. 199 (2007), and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005). *See also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

Under provisions of the 2009 version of the inmate grievance policy, a South Carolina Department of Corrections (SCDC) inmate must wait one hundred twenty-five (125) days from presenting his Step 1 written grievance to the prison to file a complaint in federal court. This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration, which is disfavored. Should the full 125 days pass with no response to a grievance, a South Carolina prisoner will have exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *Hill v. O'Brien*, No. 09-6823, 2010 WL 2748807 at *3 (4th Cir. July 12, 2010). *See also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002);

4

*Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). In this case, Plaintiff signed the instant pleading and filed his Step 1 grievance on September 15, 2010. *See* Complaint, pages 2,5. Further, Plaintiff clearly states that he has not yet received a final institutional answer or determination concerning this matter. *Id*. at 2. Thus, it is clear from the face of Plaintiff's complaint that he has not exhausted his administrative remedies.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

December 9, 2010
Florence, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).