

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROBERT COKER,<br>　　　Plaintiff,<br><br>vs.<br><br>WARDEN MICHAEL MCCALL,<br>SERGEANT ALWINE, OFFICER<br>HALLWAY, and PERRY CORRT.,<br>　　　Defendants. | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:10-02505-HFF-TER<br>§<br>§<br>§<br>§<br>§ |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 9, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on December 21, 2010.

The Prison Litigation Reform Act of 1995 (PLRA) requires that "prisoners . . . exhaust such administrative remedies as are available prior to filing suit in federal court." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42 U.S.C. § 1997e(a)). Before bringing suit in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). A district court may sua sponte "dismiss[] a complaint where the failure to exhaust is apparent from the face of the complaint" as long as the inmate is provided the "opportunity to respond to the issue" prior to dismissal. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The Magistrate Judge raised Plaintiff's failure to exhaust administrative remedies sua sponte, recommending dismissal of Plaintiff's Complaint for failure to abide by the South Carolina Department of Corrections' (SCDC) inmate grievance policy procedures. According to the Magistrate Judge, the SCDC inmate grievance policy required Plaintiff to wait 125 days after filing a Step 1 written grievance with prison officials before filing suit in federal court so that the prison officials will have an opportunity to resolve the matter without judicial intervention. As recognized by the Magistrate Judge, Plaintiff dated his Complaint to institute the present action in this Court on the same day that he dated his Step 1 grievance—September 15, 2010—meaning that he did not wait the required 125 days.

Plaintiff was given the chance to respond to the Magistrate Judge's recommendation by filing objections with this Court. Although Plaintiff did file objections, they do not dispute the Magistrate Judge's suggestion that he failed to wait 125 days after filing his Step 1 grievance before filing his Complaint. Instead, he simply concluded that he "follow[ed] grievance procedures" and attached a copy of his Step 1 grievance. The grievance was dated September 15, 2010, and appears to have been dismissed in October 2010. The attached grievance form buttresses the Magistrate Judge's suggestion that Plaintiff filed the present action on the same day that he filed his grievance form. Therefore, rather than supporting Plaintiff's argument that he followed the inmate grievance procedures, his Step 1 grievance demonstrates that he filed the present action before exhausting his administrative remedies.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint be **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 28th day of December, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.